PEOPLE, PLAINTIFF AND APPELLEE, *v.* GARCÍA, DEFENDANT AND APPELLANT.

APPEAL, from the District Court of Humacao in a Prosecution for Voluntary Homicide.

No. 1938.—Decided February 5, 1924.

HOMICIDE—SELF-DEFENSE—INSTRUCTIONS TO JURY—NEW TRIAL.—The defendant having pleaded self-defense within his own home, a fact which makes self-defense less inflexible, and his evidence tending to support that plea, the district court erred in not clearly instructing the jury on that point and the judgment must be reversed and a new trial ordered.

The facts are stated in the opinion.

*Messrs. A. Aponte, F. Cervoni* and *F. Gallardo* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the name of The People of Porto Rico and on information of the district attorney, the grand jury charged Casimiro García with the commission of the following act:

"On March 5, 1921, the said Casimiro García, within the Municipality of Naguabo, which forms a part of the judicial district of Humacao, P. R., unlawfully, wilfully, maliciously, premeditatedly and without great provocation, assaulted and battered Jenaro Arce with the firm and deliberate intention of killing him, using a revolver, which is a deadly weapon, firing several shots at him and inflicting a wound upon him which caused his death."

The defendant pleaded not guilty. The case was called for trial in the morning of June 8, 1921, and the trial continued that afternoon and night until four o'clock in the morning of the following day. The trial was proceeded with in the morning of June 9th and the jury brought in a verdict as follows: "We, the jury, find defendant Casimiro García

guilty of the crime of voluntary homicide and recommend clemency.''

The defendant moved for a new trial. The court overruled his motion and sentenced him to imprisonment for two years in the penitentiary at hard labor. The present appeal is taken from the order denying the new trial and from the judgment.

The brief contains several assignments of error, one being that the district court erred in instructing the jury that the defense of the defendant was *self-defense* when in fact it was *defense of the home.*

From the record it appears that the defendant presented his case as follows:

''The defendant, by one of his attorneys in his preliminary remarks to the jury, stated that Jenaro de Arce and other individuals had a quarrel with the defendant about a transaction involving some rum, and that on the day of the occurrence and shortly after a discussion of it the said Jenaro de Arce and several others went to the home of the defendant where he was with his family. That upon being informed that those persons were approaching in a hostile attitude, the defendant told one of the family to say to them that he was away, and, therefore, when the men arrived and asked for the defendant they were told that he had gone to the house of the Ramírez family. That shortly thereafter they returned to the home of the defendant and said that he was not at the house of the Ramírezes, but must be there in his own house. That thereupon Jenaro de Arce went into the said house in a turbulent and threatening manner and inquired as to the whereabouts of the defendant, whom he intended to assault in the house; but not seeing him there, he approached the bedroom and attempted to enter it, violently pushing open the door with a knife in one hand. That Jenaro de Arce, who was left-handed, forced open the door with one hand and, with his other hand raised, attempted to enter the room where the defendant was hidden. In the face of that trespass upon the sacredness of his home the defendant fired a shot and Jenaro de Arce fell mortally wounded.''

The record also shows that in his charge to the jury the judge expressed himself as follows:

"The theory of the defense is that the defendant acted in self-defense, *i. e.*, that it is a case of justifiable homicide. * * *

"As counsel for the defendant have raised the plea of self-defense, the court will inform you what our statutes say on that matter. A person threatened with injury may oppose the resistance necessary to prevent an offense against his person or his family or some member thereof. The right of self-defense in no case extends to the infliction of greater injury than is necessary for the purpose of defense. To justify homicide on the ground of self-defense there must be not only the belief, but also reasonable grounds for believing, that at the time of killing the aggresor the assailed was in imminent or immediate danger of death or of great personal harm. The circumstances must be such as to induce the mind of a reasonably prudent person to entertain the belief that the accused was in peril of his life or of great bodily injury. Reasonable fear does not mean the fear of a coward, but the fear of a fairly courageous person.

"Another statute provides that homicide is justifiable when committed by any person in any of the following cases: When committed in the lawful defense of such person, or of a wife or husband, parent, child, master, mistress, or servant of such person, when there is reasonable ground to apprehend a design to commit a felony, or to do some great bodily injury, and imminent danger of such design being accomplished; but such person, or the person in whose behalf the defense was made, if he was the assailant or engaged in mortal combat, must have endeavored to decline any further struggle before the homicide was committed; and when committed in defense of habitation, property, or person against one who manifestly intends or endeavors, by violence or surprise, to commit a felony, or against one who manifestly intends and endeavors, in a violent, riotous or tumultuous manner, to enter the habitation of another for the purpose of offering violence to any person therein."

Hence, the error is manifest and can not be considered corrected by the giving of certain instructions prepared by the defense. The transcript shows that the tendency of the defendant's evidence was to establish self-defense within the home, a circumstance which makes self-defense less rigid, and this should have been made perfectly clear to the jury.

The statute positively declares homicide to be justifiable

when it is committed in defense of a home against one who manifestly intends or endeavors by violence or surprise to commit a felony, or who in a violent, riotous or tumultuous manner attempts to enter or succeeds in entering another's home for the purpose of offering violence to any person therein, and jurisprudence to the same effect is abundant. See 13 R. C. L. 840 *et seq.*

It is not necessary to express our opinion with regard to the other assignments of error, but we think it timely to say that we have read carefully the transcript and have rarely found anything more confusing. The defense insistently complains of the conduct of the district attorney during the trial and of the fact that the court did not duly respect his right to cross-examine the witnesses for the prosecution. The impression produced by this trial is deplorable. It seems that the parties forgot the dignity of the place where they were assembled. The defense, who insisted so much upon the protection of the rights of the accused, overlooked the rights of the witnesses. The manner in which Vicenta Arce was treated was cruel and unusual. If the defendant is worthy of respect and nothing should be permitted that would coerce, vex or oppress him, the witnesses are entitled to be treated in like manner. To insist upon guaranteeing the right of the defendant not to be convicted except upon plain proof of his guilt, is not in harmony with treating a witness as a perjurer soon after he takes the stand. Justice should be done alike to all.

By virtue of all of the foregoing we are of the opinion that the judgment appealed from should be reversed and a new trial granted.

*Reversed and remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.